[817 NYS2d 388]

In the Matter of DOMINICK J. FONTANA (Admitted as DOMINICK JOHN FONTANA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 20, 2006

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* and *Susan B. Master* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee served the respondent with a petition, dated February 8, 2005, containing two charges of professional misconduct. After a preliminary conference and a hearing, the Special Referee sustained Charge Two but found that the Grievance Committee failed to sustain its burden of proof with respect to Charge One and dismissed it. The Grievance Committee now moves to confirm the findings of the Special Referee insofar as Charge Two was sustained, disaffirm the report to the extent that Charge One was not sustained, and impose such discipline as the Court deems appropriate under the circumstances. Although served with the Grievance Committee's motion on November 4, 2005, the respondent has neither cross-moved nor submitted any papers in response.

Charge One alleges that the respondent failed to comply with legitimate demands made in connection with an investigation into his professional conduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By letter dated May 5, 2003, the Grievance Committee advised the respondent that he was the subject of a sua sponte investigation based upon his failure to reregister with the Office of Court Administration, as required by Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1. The Grievance Committee directed the respondent to reregister forthwith and to submit proof of compliance and an answer, within 30 days, explaining his failure to reregister within 30 days.

The respondent failed to either reregister, submit the requested answer, or contact the Grievance Committee in any

manner. By letters dated June 23, 2003, sent via certified and regular mail, the Grievance Committee again directed the respondent to reregister and submit an answer to the investigation within 10 days. The respondent still failed to comply. By letter dated October 20, 2003, the Grievance Committee again directed the respondent to reregister and to submit an answer within 30 days. The respondent still failed to take any action. By letter dated August 17, 2004, the Grievance Committee sent the respondent another letter directing him to reregister and submit an answer by August 30, 2004. As of the date of the petition, the respondent failed to comply or to contact the Grievance Committee in any manner.

Charge Two alleges that the respondent failed to reregister with the Office of Court Administration, as required by Judiciary Law § 468-a, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

As an admitted attorney, the respondent was required to file a biennial registration statement with the Office of Court Administration and pay the designated fee within 30 days after his birthday, pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) part 118. The respondent failed to reregister and pay the required fee for five registration periods: 1997-1998, 1999-2000, 2001-2002, 2003-2004, and 2005-2006.

Based on the evidence adduced and the respondent's history with the Grievance Committee regarding his delinquency, we find the respondent's claim that he did not receive any of the communications sent to his Richmond Hill address or the letter personally left in his mailbox by the Grievance Committee's investigator incredible. Under the totality of circumstances, the Special Referee erred in failing to sustain Charge One. Charge Two was properly sustained based upon the respondent's admission and the uncontroverted proof. The Grievance Committee's motion to confirm in part and disaffirm in part the Special Referee's report is granted and both charges are sustained.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent was previously issued a letter of caution in May 1996 for failing to maintain his attorney registration and an admonition, dated September 29, 1999, directing him to reregister within 90 days. Although he failed to do so or to take any required continuing legal education credits, the respondent continues to practice law.

The respondent is suspended for a period of six months for his professional misconduct.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and MASTRO, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report with respect to Charge Two and to disaffirm with respect to Charge One is granted and both charges are sustained; and it is further,

Ordered that the respondent, Dominick J. Fontana, admitted as Dominick John Fontana, is suspended from the practice of law for a period of six months, commencing July 31, 2006, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period he (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (c) complied with the applicable provisions of 22 NYCRR 691.11 (c), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Dominick J. Fontana, admitted as Dominick John Fontana, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Dominick J. Fontana, admitted as Dominick John Fontana, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).